Filed 3/12/15  In re J.F. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J. F. et al., Persons Coming Under the Juvenile Court Law. | C077305 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. J06381) |
| Plaintiff and Respondent, | |
| v. | |
| Mariah B., | |
| Defendant and Appellant. | |

Mariah B., mother of the minors, appeals from orders of the juvenile court terminating her parental rights.  (Welf. & Inst. Code, §§ 366.26, 395 [further undesignated statutory references are to the Welfare and Institutions Code].)  Mother contends it was error to terminate parental rights where there was inadequate notice pursuant to the Indian Child Welfare Act (ICWA).  (25 U.S.C. § 1901 et seq.)  We reverse.

1

# FACTS

The minors, two-year-old J. F. and three-month-old I. F., were detained in May 2013 as a result of severe physical injury inflicted on I. F. while in his parents' care. The detention/jurisdiction report stated father claimed Indian heritage through the paternal great-grandmother but he did not know if she belonged to a tribe. Mother also claimed Indian ancestry but did not have any information about it.

At the outset of the case, the social worker became aware of the names of the maternal grandmother and the maternal great-grandmother. Both parents provided names of relatives for assessment for placement of the minors. The jurisdiction report filed in August 2013 reflected father's claim, his limited information, and that the Bureau of Indian Affairs (BIA) had been contacted. The report also included contact information for the maternal grandmother, the maternal great-grandmother, the maternal great-aunt, and the paternal grandmother.

The San Joaquin County Human Services Agency (Agency) sent notice of the proceedings to the BIA in July 2013. The notice included the names, birth dates, and address of the parents and the name of the maternal grandfather but no other information about any other relatives and no tribal identification. An Agency declaration said that the BIA responded to the notice. The response stated that the BIA did not determine tribal eligibility and did not maintain a list of persons possessing Indian blood. The response further stated that the notice contained insufficient information to determine "Tribal Affiliation" and to forward notice to the appropriate tribe when further information was available.

At the contested jurisdiction hearing in October 2013 the court found that the ICWA was not an issue in the case. In February 2014 the court bypassed services for both parents. Parental rights were terminated in July 2014.

2

**DISCUSSION**

Mother argues reversal of the orders terminating parental rights is required because the court and the Agency did not comply with the notice provisions of the ICWA: specifically, that there was inadequate inquiry into whether there was reason to believe the minors were Indian children and what their tribal affiliation might be, and that the notice sent to the BIA failed to include all relative information known or readily available to the Agency. We agree.

The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.) The juvenile court and the Agency have an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a).) If, after the petition is filed, the court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe, or to the BIA if the tribal affiliation is not known. (25 U.S.C. § 1912(a); see Welf. & Inst. Code, § 224.2; Cal. Rules of Court, rule 5.481(b).)

**A.    Inquiry**

The Agency has an ongoing duty to interview the minor's parents and extended family, if known, concerning the child's membership status or eligibility. (§ 224.3, subds. (a) and (c); Cal. Rules of Court, rule 5.481(a)(4).)

Here both parents claimed Indian heritage. The maternal grandmother and maternal great-grandmother as well as the paternal grandmother were known and available to the Agency. Since the relatives were already being assessed for placement, it would not have been burdensome to ask the grandmothers about any Indian heritage or lack thereof and report the results of the inquiries to the court. This was not done. Because the Agency failed to inquire about the parents' Indian heritage, the court lacked

3

adequate information to determine whether the ICWA applied. (*In re L.S.* (2014) 230 Cal.App.4th 1183, 1198.)

**B.     Notice**

State statutes, federal regulations, and the federal guidelines on Indian child custody proceedings all specify the contents of the notice to be sent to the tribe in order to inform the tribe of the proceedings and assist the tribe in determining if the child is a member or eligible for membership. (§ 224.2; 25 C.F.R. § 23.11(a), (d), (e); 44 Fed.Reg. 67588 (Nov. 26, 1979) guideline No. B.5.) *If known*, the Agency should provide name and date of birth of the child; the tribe in which membership is claimed; and the names, birth dates, places of birth and death, current addresses, and tribal enrollment numbers of the parents, grandparents, and great-grandparents as this information will assist the tribe in making its determination of whether the child is eligible for membership and whether to intervene. (§ 224.2; 25 C.F.R. § 23.11(a), (d), (e); 44 Fed.Reg. 67588, *supra*, guideline No. B.5; *In re D.T.* (2003) 113 Cal.App.4th 1449, 1454-1455.)

Here, the Agency had names and addresses of grandparents and at least one great-grandparent but did not include them as required in the notice. Because the Agency failed to inquire about the parents' Indian heritage, we cannot determine whether the inadequate contents of the notice were harmless. Certainly if, after proper inquiry, no tribe is identified, the BIA's response will be unchanged. However, if inquiry of the grandparents produces the name of a tribe, complete and accurate information in the notice will be critical to the tribe's ability to determine whether the minors are eligible.

## DISPOSITION

The orders terminating parental rights are reversed and the matter is remanded for the limited purpose of compliance with the notice and inquiry provisions of the ICWA and a determination of whether the ICWA applies in this case. If, after proper inquiry, the Agency is able to identify a tribe claimed by the parents, the Agency is directed to provide proper notice with all known information. If, after inquiry and notice, if

4

required, the juvenile court determines the parents were unable to identify any tribe or there was either no response to notice sent to an identified tribe or the tribe determined the minors were not Indian children, the orders shall be reinstated. However, if a tribe is identified and noticed, the tribe determines the minors are Indian children, and the court determines the ICWA applies to this case, the juvenile court is ordered to conduct a new selection and implementation hearing in conformance with all provisions of the ICWA.

          RAYE          , P. J.

We concur:

     NICHOLSON     , J.

       BUTZ           , J.